JON M. SANDS
Federal Public Defender
JOEL C. PARRIS
Assistant Federal Public Defender
State Bar No. 014587
Email: joel_parris@fd.org
407 W. Congress Street, STE 501
Tucson, AZ 85701-1355
Telephone: (520) 879-7500
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America | ) | |
|---|---|---|
| | ) | CR08-81-TUC-DCB |
| Plaintiff, | ) | |
| | ) | MOTION TO VACATE |
| vs. | ) | CONVICTION |
| | ) | |
| Raymond Dimitri Mattia, | ) | |
| | ) | |
| Defendant. | ) | |

It is expected that no excludable delay under Title 18, United States Code, § 3161(h)(7) will occur as a result of this motion or an order based thereon.

Defendant Raymond Dimitri Mattia, through counsel, respectfully moves for an order vacating the judgment of conviction in this case. This motion is made with respect to Mattia's conviction under 18 U.S.C. § 2250(a) for failure to register with the Pima County Sherriff's Department as set forth in the Sexual Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq.* ("SORNA"). Mattia's conviction should be vacated because SORNA has been held not to have application at any time before August 1, 2008 with respect to individuals who, like Mattia, were convicted of and completed

sentences imposed with respect to certain sex related offenses before July 27, 2006. Given the Ninth's Circuit's holdings with respect to application of SORNA, the court lacked subject matter jurisdiction and the judgment should be vacated. A memorandum of Points and Authorities follows.

RESPECTFULLY SUBMITTED: June 24, 2014

JON M. SANDS
Federal Public Defender

/s/ *JOEL C. PARRIS*
JOEL C. PARRIS
Assistant Federal Public Defender

**Certificate of Service**
Copy of the foregoing has been provided
By electronic transmittal via the CM/ECF
System, or by other means to: David Flannigan, AUSA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     Background

### A.     Factual Background

On May 7, 1993, Raymond Dimitri Mattia was convicted in the Judicial Court of the Tohono O'odham Nation of Sexual Conduct with a Minor pursuant to Chapter 9, Section 9.3(A) of the Tohono O'Odham Criminal Code (Case No. CR01-225-93).   He was sentenced to 360 days in tribal jail, with credit for time served and 180 days suspended.   Following his conviction, Mattia continued to reside within the Tohono O'Odham Nation ("**T.O. Nation**") in Pima County, and registered as a sex offender as required under T.O. Nation law.   On November 28, 2007, the T.O. Nation determined that Mattia had at some point relocated to Morenci, Arizona, and had not registered his new address with the T.O. Nation or registered with the Greenlee County Sheriff's Department.   On December 17, 2007, Mattia was arrested based on allegations of his having violated Title 18 U.S.C. § 2250(a), Failure to Register as a Sex Offender.

### B.     Procedural Background

On January 16, 2008, an indictment was filed in this Court, charging that, "on or about December 17, 2007," Mattia failed to register as a sex offender in violation of 18 U.S.C. § 2250(a).   (Doc. 5, Case No. 08-00081-TUC-DCB-(HCE), Indictment).   On March 7, 2008, Mattia pleaded guilty to the indictment.   (Doc. 19, Plea Agreement).   On August 20, 2008, Mattia was sentenced to a four year term of supervised release.   (Doc. 44, Judgment).

## II.     Law and Argument

SORNA, of which 18 U.S.C. § 2250(a) is a part, was enacted in 2006, but Congress delegated to the Attorney General the authority to determine whether and when SORNA should apply retroactively to sex offenders convicted before SORNA was

enacted on July 27, 2006. 42 U.S.C. § 16913(d). After the Attorney General issued an interim rule with respect to retroactive applicability on February 28, 2007 and a final rule implementing SORNA was implemented on August 1, 2008. In December, 2010, the Ninth Circuit held that the interim rule's failure to comply with the Administrative Procedure Act failed to make SORNA retroactive and that SORNA did not, therefore, become retroactive until the August 1, 2008. *United States v. Valverde*, 628 F.3d 1159, 1169 (9th Cir. 2010); s*ee also United States v. Mattix*, 694 F.3d 1082, 1083 (9th Cir. 2012) ("SORNA became retroactive on August 1, 2008"). "Accordingly, SORNA did not become effective against pre-enactment offenders . . . until August 1, 2008" *Valverde*, 628 F.3d at 1169.

Where a statute is not in effect on the date an indictment alleges that statute to have been violated, that indictment fails to state an offense. Claims that an indictment fails to state an offense are issues of subject matter jurisdiction, which can be raised at any time, and are not waived by a guilty plea. *United States v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991).

In the instant case, Mattia was convicted by the T.O. Nation and completed his sentence in 1994, and so he was a pre-enactment offender against whom, pursuant to *Valverde*, the SORNA registration requirements were not effective until August 1, 2008. Accordingly, the court lacked subject matter jurisdiction with respect to the indictment charging Mattia with violation of the statute in 2007.

### III. Conclusion

For the reasons stated above, it is respectfully requested that this Court issue an Order vacating the conviction in this case. Assistant U.S. Attorney David P. Flannigan has reviewed this Motion to Vacate Conviction and authorizes counsel undersigned to inform the Court that the government does not oppose or object to the an Order vacating the conviction.

///

4

RESPECTFULLY SUBMITTED: June 24, 2013

JON M. SANDS
Federal Public Defender

_/s/ JOEL C. PARRIS_
JOEL C. PARRIS
Assistant Federal Public Defender

### Certificate of Service

*(CM/ECF Administrative Policies and Procedures manual, §II.D.3)*

*The above signed does hereby certify that, on the above date, s/he electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:*

David P. Flannigan
Assistant U.S. Attorney
Tucson, Arizona

Honorable David C. Bury
U.S. District Court Judge
Tucson, Arizona

Adria Santa Ana
U.S. Probation Officer
Tucson, Arizona